[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12198
Non-Argument Calendar

_____

D. C. Docket No. 05-00274-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL JASEN THRIFT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 18, 2006)

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Daniel Jasen Thrift appeals his 97-month sentences for using a computer for the coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b); traveling in interstate commerce for the purpose of attempting to engage in sex with a minor, in violation of 18 U.S.C. § 2423(b) and (e); and possessing a firearm as a felon, in violation of 18 U.S.C. § 1922(g)(1) and (2). Specifically, Thrift argues the district court either erred in applying an upward departure to his sentence or that his non-guideline sentence was unreasonable. In addition, Thrift argues his sentence to a life term of supervised release for his conviction of possessing a firearm as a felon exceeds the three-year supervised release maximum for that offense. For the reasons stated below, we conclude the district court correctly calculated the Guidelines range and imposed a reasonable sentence. The district court did, however, err when imposing a life term of supervised release for Thrift's conviction of possessing a firearm as a felon.

## I. DISCUSSION

A.  *Upward Departure or Variance*

Thrift first argues to the extent the district court granted an upward departure pursuant to the Guidelines, the district court erred as a matter of law. We review the calculation of the Sentencing Guidelines *de novo*. *United States v. DeVegter*, 439 F.3d 1299, 1303 (11th Cir. 2006).

The district court did not grant an upward departure, but rather varied from the Guidelines range based on the specific facts of this case. In *United States v. Eldick*, we noted that the district court's sentence was not based on an upward departure, but was an exercise of its discretion. 443 F.3d 783, 788 n.2 (11th Cir. 2006). Two factors supported this conclusion. First, the district court "did not cite to a specific guidelines departure provision." *Id.* at 788. Second, the district court judge stated "the guidelines did not 'adequately take into account the severity of the damage done by Mr. Eldick'" as the reason for the variance from the Guidelines range. *Id.*

Here, the Government admitted that no upward departure provisions applied to Thrift, but the Government still sought an above-Guidelines sentence. The district court agreed. At the sentencing hearing, the district court did not cite to any upward departure provisions in the Guidelines. Instead, the district court noted the Guidelines range was 60-63 months, but the facts as applied to the 18 U.S.C. § 3553(a) factors compelled it to sentence the Defendant above the Guidelines range. The district court's reliance on the § 3553(a) factors indicates it was using its discretion to fashion a sentence outside the Guidelines range. Therefore, the district court correctly calculated the Guidelines range at 60-63 months, and varied from that range based on its discretion.

B.    *Reasonableness*

Next, Thrift argues alternatively that the district court's variance from the Guidelines range was unreasonable because it creates disparity among similarly situated defendants.  We review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors.  *United Stats v. Winnegear*, 422 F.3d 1241, 1246 (11th Cir. 2005).  The district court is not required to explicitly consider each of the § 3553(a) factors.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  Instead, indications in the record that the district court considered facts and circumstances falling within the § 3553(a) factors will suffice.  *Id.* at 1329–30.  The party challenging the sentence bears the burden of establishing the sentence is unreasonable.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

The record reflects that the district court carefully considered the § 3553(a) factors and provided both an adequate explanation and a rational basis for its determination that an above-Guidelines sentence was appropriate.  The district court cited specific facts and circumstances causing it to question whether the Guidelines provided adequate deterrence in this case due to Thrift's history of engaging in activity similar to which he plead guilty.  Moreover, Thrift failed to adequately support his argument that the variance was unreasonable because he cited no examples of similarly situated defendants being sentenced differently.

Based on the above, the district court clearly considered the § 3553(a) factors and imposed a reasonable sentence. We, therefore, affirm the district court's 97-month sentence.

C.    *Supervised Release*

Finally, Thrift argues the district court erred when it imposed a life term of supervised release for possession of a firearm as a felon because the maximum term for supervised release for possession of a firearm as a felon is three years, according to 18 U.S.C. § 922(g).

The district court erred by sentencing Thrift to a life term of supervised release for possession of a firearm as a felon. In *United States v. Rhodes*, 177 F.3d 963 (11th Cir. 1999), this Court faced exactly the same situation. The defendant, in *Rhodes*, was found guilty for one count of making a false compensation claim and one count of mail fraud. *Id.* at 964–65. The district court sentenced Rhodes to 12 months imprisonment and 3 years of supervised release on each count, with the terms to run concurrently. *Id.* at 965. Rhodes appealed the three-year sentence of supervised release on count one because the statute carried a one-year maximum term. *Id.* at 967. This Court agreed that the term of supervised release for count one exceeded the statutory maximum and vacated that portion of the sentence, instructing the district court to amend its judgment to impose a one-year term of

5

supervised release for that conviction. *Id.* at 968.

We believe the same result is appropriate in this case. As in *Rhodes*, the district court sentenced Thrift to identical terms of supervised release on all counts with the terms to run concurrently. Also like *Rhodes*, one of the terms was higher than the statutory maximum of the counts. *See* 18 U.S.C. § 3583(b)(2). Accordingly, we vacate that portion of Thrift's sentence and instruct the district court to impose a three-year term of supervised release for that conviction.

## II. CONCLUSION

Based on the above, we conclude the district court correctly calculated the Guidelines and imposed a reasonable sentence based on an application of the § 3553(a) factors. We also conclude that the district court erred in sentencing Thrift to a life term of supervised release for his conviction of possessing a firearm as a felon. We, therefore, AFFIRM in part, VACATE in part and REMAND for the district court's imposition of a three-year term of supervised release for that conviction.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**